Not For Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Reginald Eaford,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**Paul Lagana, et al.,**<br><br>    **Defendants.** | Civil Action No. 10-4087 (SRC)(MAS)<br><br>OPINION AND ORDER |

**SHIPP, United States Magistrate Judge**

## I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Reginald Eaford's ("Plaintiff") informal Application for *Pro Bono* Counsel. (Doc. No. 7 ("*Pro Bono* App.").) For the reasons stated below, Plaintiff's application is DENIED without prejudice.

## II. BACKGROUND

Plaintiff was previously incarcerated at Northern State Prison in the Newark, New Jersey.[1] (Doc. No. 1 ("Compl.") 4.) Plaintiff alleges that the Defendants Paul Lagana ("Mr. Lagana"), Bruce Brooks ("Mr. Brooks"), Scott Russo ("Mr. Russo") and Larry Glover ("Mr. Glover") (collectively "Defendants") have put various administrative holds on funds in his inmate trust account. (*Id.* at 7.) Plaintiff alleges that Defendants first put a hold on his funds on

---

[1] On December 29, 2010, Plaintiff sent a letter indicating that he was transferred to Bayside State Prison in Leesburg, New Jersey. (Doc. No. 22.)

February 23, 2010, followed by several other subsequent holds, which now total over eight thousand dollars. (*Id.* at 9.) Although prison staff explained that the holds were put in place due to an investigation as to the sources of the funds, Plaintiff alleges that the holds were implemented in retaliation to Plaintiff's criticism of a prison official. (*Id.* at 8-10).

Plaintiff notes that he has attempted to use the prison's internal remedy system to resolve the dispute, but the relief sought has been denied and his funds remain on hold. (*Id.* at 6.) Accordingly, Plaintiff filed the current lawsuit and now seeks *pro bono* counsel.

### III. LEGAL DISCUSSION

Under 28 U.S.C. § 1915(e)(1), this Court "may request an attorney to represent any person unable to afford counsel." Indigent parties asserting civil rights claims, however, have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the Plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the Plaintiff's claim has some merit, then the court should consider the following factors:

(1) the Plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the Plaintiff can attain and afford counsel on his own behalf.

*Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts. *Id.* at

2

458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron, supra,* 6 F.3d at 157).

An analysis of the *Tabron* factors in this case reveals that appointment of pro bono counsel is not appropriate at this stage of the proceedings. Preliminarily, it is questionable whether Plaintiff's claims have any merit in fact or law. As a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is currently pending, the issue of whether the Complaint has merit in fact or law may be shortly resolved. Regardless of the merits, the Court finds that appointment of *pro bono* counsel is unnecessary, as Plaintiff appears able to articulate his legal claims and position, as indicated in his Complaint. Although Plaintiff claims in his *Pro Bono* Application to have a limited understanding of the legal issues in his Complaint and that he may require assistance with filing legal briefs and conducting discovery, the Complaint itself shows otherwise. Moreover, the legal issues underlying Plaintiff's Complaint appear to be straightforward and well-understood by Plaintiff. Plaintiff's claims are limited to whether his funds were improperly placed on hold and whether Defendants retaliated against Plaintiff. Thus, the Court is confident that Plaintiff is capable of proceeding *pro se* and understands the nature of his claims and the underlying facts and circumstances, as evidenced by his commencement of this lawsuit and his various internal remedy submissions.

As to the third *Tabron* factor, while a factual investigation will be necessary for discovery purposes, the Court is unaware of any hindrance to Plaintiff's ability to obtain the necessary fact discovery. The Court notes that any factual investigation pertaining to Plaintiff's claims and damages appears to be straightforward and will require standard discovery requests. Plaintiff will be afforded an opportunity to identify, serve document demands and interrogatories

and depose those witnesses relevant to Plaintiff's claims and allegations, including Defendants or other prison employees that Plaintiff specifically alleges contributed to the holds placed on his funds. Indeed, Plaintiff's Complaint demonstrates that he has sufficient knowledge about his case, and he appears capable of composing any such relevant questions, interrogatories and discovery requests. Therefore, the Court is satisfied that Plaintiff will be able to properly pursue a factual investigation without the assistance of *pro bono* counsel.

As to whether this case will turn on credibility determinations, this Court finds that no credibility concerns provide a basis for appointing *pro bono* counsel at this time. Likewise, regarding expert discovery, this Court finds that Plaintiff has failed to demonstrate a necessity for any expert testimony, much less any expert testimony that would rise to the level necessary to appoint *pro bono* counsel. Accordingly, this Court finds that Plaintiff has failed to satisfy the fourth and fifth *Tabron* factors.

Finally, this Court must assess whether Plaintiff can obtain and afford counsel on his own behalf. Plaintiff is currently incarcerated and has been granted *in forma pauperis* status pursuant to 28 U.S.C. 1915. Plaintiff does not have access to the funds in his inmate trust account, and therefore asserts that he lacks the funds to retain counsel. Plaintiff indicates that he attempted to acquire counsel, but representation was denied. While the Court finds that this final *Tabron* factor may weigh in favor of appointing *pro bono* counsel, it does not outweigh the other factors discussed in this Opinion and Order.

## ORDER

Based on the foregoing, and for good cause shown, it is on this **31st** day of **January, 2011, ORDERED** that Plaintiff Reginal Eaford's Application for *Pro Bono* Counsel is DENIED

without prejudice. Plaintiff is reminded that a Motion to Dismiss (Doc. No. 25) is currently pending before this Court and any opposition papers are due by February 7, 2011.

_____
Michael A. Shipp
**UNITED STATES MAGISTRATE JUDGE**