<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          x
REGINALD EAFORD,                          x
                                          x
       Plaintiff,                          x     Civil Action No. 10-4087 (SRC)
                                          x
       v.                                  x     **OPINION**
                                          x
MR. P. LAGANA et al.,                     x
                                          x
       Defendants.                         x
_____x

**<u>CHESLER, U.S.D.J.</u>**

      This matter comes before the Court on two motions: 1) the motion to dismiss the Complaint[1] for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Paul Lagana, Bruce Brooks, and Scott Russo (collectively, "Defendants"); and 2) the motion for partial release of inmate account funds by Plaintiff Reginald Eaford. For the reasons stated below, the motion to dismiss will be granted, and the motion for release of funds will be denied.

      In brief, the *pro se* Plaintiff is a prisoner in a New Jersey state correctional facility. Defendants are prison officials – employees of the New Jersey Department of Corrections. The Complaint alleges that Defendants violated Plaintiff's constitutional rights by placing his inmate trust account on hold. In lieu of filing an answer, Defendants have filed the instant motion to

---

[1] Defendants term this a motion to dismiss Plaintiff's Second Complaint, but the docket shows that only one Complaint has been filed.

dismiss. Plaintiff has not opposed the motion. Plaintiff has filed a motion seeking release of the funds in his inmate account. Defendants have responded that most of the funds in Plaintiff's account were seized by the Internal Revenue Service in February of 2011, and that Plaintiff has access to the funds that remain.

The Complaint asserts that, by placing the inmate trust account on hold, Defendants deprived Plaintiff of property without due process of law. Plaintiff seeks relief for this violation of his Constitutionally-guaranteed right to due process of law, pursuant to 42 U.S.C. § 1983.

Defendants argue that Plaintiff's claim for violation of his right to due process law is not valid on three grounds: 1) Defendants, as state employees, are protected from suit by the Eleventh Amendment; 2) the Defendants are not persons amenable to suit under 42 U.S.C. § 1983; and 3) there can be no procedural due process claim for a state deprivation of property when the state provides adequate process post-deprivation. All three arguments succeed.

As to the first point, the Eleventh Amendment to the Constitution bars any suit for damages against the State. The Supreme Court has held that, absent the State's consent to suit, the Eleventh Amendment bars actions for damages in federal court against state officials in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Alabama v. Pugh, 438 U.S. 781, 782 (1978). The Complaint alleges that Defendants are state officials who injured Plaintiff while performing the duties of their offices. As a result, Plaintiff's due process claim is barred by the Eleventh Amendment to the Constitution, and must be dismissed with prejudice.

The second point is a corollary to the first: "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71. Defendants, as state

officials acting in their official capacities, are not persons amenable to suit under § 1983.  This provides a corollary ground for concluding that Plaintiff's due process claim is barred by the Eleventh Amendment to the Constitution, and must be dismissed with prejudice.

Furthermore, Defendants argue that a deprivation of property by a state official cannot give rise to a procedural due process claim under § 1983 if the state makes available an adequate post-deprivation remedy.  Defendants aptly cite Zinermon v. Burch, 494 U.S. 113, 126 (1990), which states:

> The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.

Thus, under Zinermon, Defendants' placing a hold on Plaintiff's inmate trust account cannot, standing alone, give rise to an actionable procedural due process claim under § 1983.  It is only when the state fails to provide a post-deprivation remedy that comports with the requirements of due process that an actionable violation has occurred.  As Defendants contend, New Jersey provides both an administrative grievance process for lost property claims, pursuant to N.J.A.C. § 10A:2-6.1, and the right to then appeal the outcome of that process to the Appellate Division of the Superior Court of New Jersey.  Aruanno v. Northern State Prison, 2006 WL 3018003, *1 (N.J. Super. Ct. App. Div. 2006).  Furthermore, the State of New Jersey provides another post-deprivation remedy: an action for replevin under N.J. Stat. Ann. § 2A:14-1.

Because it appears that the State of New Jersey provides constitutionally adequate remedies for deprivations of the kind that Plaintiff has alleged, this provides an additional ground to conclude that the Complaint fails to state a valid claim for violation of the right to due process

of law.

  Defendants find in the Complaint a claim for violation of the Constitutionally-guaranteed right of access to the courts, as Plaintiff complains that, because a hold was placed on his account, he was unable to use the money to engage in litigation, and court actions were dismissed. Defendants argue that, to the extent that the Complaint asserts a claim for denial of access to the courts under § 1983, such a claim cannot be valid. This Court agrees. The causal connection between Plaintiff's inability to access his account and his litigation difficulties is too attenuated to meet the requirements set by the Supreme Court to establish standing:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" . . . Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision"

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (citations omitted). The injuries which Plaintiff complains of – the loss of opportunities to litigate – are not fairly traceable to the challenged actions of the Defendants. The causal connection between Defendants' alleged actions (placing Plaintiff's inmate account on hold) and Plaintiff's litigation difficulties is too attenuated to constitute the causal connection required for standing under Lujan. To the extent that the Complaint asserts a claim for denial of access to the courts under § 1983, the Complaint fails to state a valid claim for relief, and will be dismissed with prejudice.

  For these reasons, Defendants' motion to dismiss the Complaint for failure to state a valid claim for relief will be granted, and, as against these three Defendants, the Complaint will be

dismissed with prejudice.  This renders moot Plaintiff's motion for release of funds, which will be denied.

                 <u>    s/ Stanley R. Chesler    </u>
                 Stanley R. Chesler, U.S.D.J.

Dated: June 6, 2011